## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEWELL POINDEXTER,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL ACTION NO. 3:19-0409** |
| **v.** | : | |
| | | **(Judge Mannion)** |
| **JOHN WETZEL, <u>et</u> <u>al.</u>,** | : | |
| **Respondents** | : | |

## <u>MEMORANDUM</u>

Dewell Poindexter, an inmate presently confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for Dauphin County, Pennsylvania. Id. For the reasons that follow, the Court will dismiss the petition as untimely.

## I.    <u>Background</u>

The following background has been extracted from the Pennsylvania Superior Court's December 14, 2018 Memorandum Opinion affirming the sentencing court's dismissal of Petitioner's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541 - 9546. (Doc. 16-4 at 1 - 7).

The relevant factual background follows. Appellant delivered cocaine to a confidential informant near Third and Calder Streets in Harrisburg, Pennsylvania, on two separate occasions, June 4 and June 29, 2015. Each delivery involved approximately five grams of cocaine. Following the second delivery, police arrested Appellant near 222 Harris Street, Harrisburg, where Appellant had been observed entering and exiting the building. Police recovered fifty baggies of heroin from Appellant's person.

Based on the deliveries of cocaine and the drugs recovered from Appellant, police obtained a search warrant for an apartment at 222 Harris Street. Inside the apartment, police found mail addressed to Appellant. Police also recovered over ten grams of heroin, over 100 grams of cocaine, and two handguns from the apartment, including one .380 caliber pistol and one .45 caliber pistol. Police additionally seized over $3,000 in cash.

Appellant was arrested and charged with two counts of delivery of cocaine, criminal use of a communication facility and possession of drug paraphernalia at docket CP-22-CR-0004424-2015. At docket CP-22-CR-0004426-2015, Appellant was charged with three counts of PWID, three counts of possession of a controlled substance, possession of a small amount of marijuana, possession of drug paraphernalia, and two VUFA charges.

On December 10, 2015, Appellant's counsel (plea counsel) initially filed a suppression motion alleging that the Commonwealth failed to furnish a copy of video surveillance in its possession, which allegedly captured the drug transaction on June 29, 2015. Omnibus Pretrial Motion, 12/10/15, at 2 (unpaginated). Trial counsel also challenged whether the search warrant for the apartment was supported by probable cause. **Id**. at 4. The trial court scheduled a hearing for February 22, 2016.

At the hearing on February 22, 2016, instead of litigating the suppression motion, Appellant entered a negotiated guilty plea and was immediately sentenced. Under the terms of the plea

agreement, Appellant pled guilty to two delivery offenses at CP-22-CR-0004424-2015 and received a sentence of three to six years of incarceration for each offense, to run concurrently. At CP-22-CR-0004426-2015, Appellant pled guilty to PWID for heroin and cocaine and to two VUFA charges for the drugs and two handguns recovered from his apartment. For each offense at CP-22-CR-0004426-2015, Appellant received a sentence of 5½ to 11 years of incarceration, each to run concurrently. The sentences at both dockets were to run concurrently, for an aggregate sentence of 5½ to 11 years of incarceration.

At the time Appellant entered his guilty plea, he filled out a guilty plea colloquy form for each docket number indicating that he understood the nature of the plea. The record reveals no discussions by plea counsel or the court regarding former mandatory minimum sentences based upon either the weight of the drugs recovered or the commission of drug offenses with firearms.

Appellant did not file a post-sentence motion or direct appeal from his judgments of sentence.

The timely pro se PCRA petition giving rise to the instant appeal was docketed on March 3, 2017. The PCRA court appointed counsel (PCRA counsel), who filed a **Turner/Finley** motion to withdraw on August 21, 2017. Appellant filed a response titled "Objections to Counsel's Finley Letter" that was docketed on October 2, 2017. In his objections to PCRA counsel's motion to withdraw, Appellant argued that plea counsel was ineffective for advising him to plead guilty when the sentences violated **Alleyne**. Objections to Counsel's **Finley** Letter, 10/2/17, at 3. Appellant also argued that plea counsel failed to investigate the Commonwealth's evidence and whether the contraband from the residence searched actually belonged to Appellant. **Id**. at 4.

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition on October 31, 2017, and granted PCRA counsel's motion to withdraw. The PCRA court

noted that

> [Appellant] claims he is eligible for post-conviction relief because he was sentenced in violation of **Alleyne v. United States**, 133 S. Ct. 2151 (2013). However, **Alleyne** does not apply to [Appellant's] case. **Alleyne** holds that any fact that triggers the application of a mandatory minimum sentence for a crime must be submitted to the fact finder and the fact finder must find that fact beyond a reasonable doubt. However, [Appellant] was not sentenced to a mandatory minimum. Rather, he pled guilty following a negotiated plea. At no time did the Commonwealth request a mandatory minimum sentence.

The PCRA court entered an order dismissing Appellant's PCRA petition on January 18, 2018. Appellant filed an amended PCRA petition without leave of court, which was docketed on January 26, 2018. Along with reiterating the same claims that he had previously raised, Appellant asserted that appointed PCRA counsel had a conflict of interest since Appellant and his brother had brought misconduct charges against the firm where PCRA counsel worked. **See** Amended PCRA Petition, 1/26/28, at 5. Appellant attached a letter to the petition regarding the allegation, which he had apparently mailed to the trial court. The letter was stamped as being received by the court on September 25, 2017, but otherwise does not appear in the certified record.

Appellant filed a pro se notice of appeal dated February 14, 2018, but docketed on February 22, 2018. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days of the entry of the order on March 8, 2018. Appellant filed a concise statement that was dated March 27, 2018, but was docketed on April 4, 2018. The PCRA court complied with Pa.R.A.P. 1925(a) by referring to the reasons for its dismissal of Appellant's PCRA petition as contained in its Rule 907 notice.

(Doc. 16-4 at 1 - 7). On December 14, 2018, the Pennsylvania Superior Court

4

affirmed the PCRA Court's dismissal of Poindexter's PCRA petition. Id. No further appeal was filed.

On March 7, 2019, Poindexter filed the instant petition for writ of habeas corpus. (Doc. 1, petition). He raises the following claims:

1. Withdrawal of Guilty Plea.

2. Illegal sentence pursuant to newly recognized law.

3. Ineffective Assistance of trial and PCRA counsel.

Id.

On May 9, 2019, the Court issued an administrative order with notice of limitations on filing of future motions under 28 U.S.C. §2254. (Doc. 7).

On May 17, 2019, Petitioner returned the Notice of Election, indicating that he wished to have his petition ruled on as filed. (Doc. 8).

On August 27, 2019, the Court issued an Order to show cause. (Doc. 13).

On September 27, 2019, a response to the petition was filed. (Doc. 16). Although Petitioner was granted an enlargement of time until November 1, 2019, within which to file a traverse, to date, no traverse has been filed.

**II      Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending

6

in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari

in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

A. **Statutory Tolling**

On February 22, 2016, Poindexter entered into a negotiated guilty plea and was immediately sentenced. No direct appeal was filed. Thus, his conviction became final on March 23, 2016, the day the time period for filing

a direct appeal with the Superior Court expired.[1] The limitations period for filing a 2254 petition commenced on March 23, 2016, giving Petitioner until March 23, 2017 to file his federal petition, absent statutory or equitable tolling of the period. Poindexter, however, did not commence the instant proceedings until March 7, 2019, almost two years after the expiration of the statue of limitations. As such, the petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

Pursuant to 28 U.S.C. §2244(d)(2), when Poindexter filed his PCRA petition on March 3, 2017, the AEDPA's filing period was statutorily tolled with approximately 20 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until December 14, 2018, when the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition. Accordingly, the remaining 20 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on December 14, 2018 and expired on January 3, 2019. The instant petition was

---

1. In Pennsylvania, a criminal defendant has thirty days from the entry of the order deciding the post sentence motion to file a direct appeal with the superior court. See Pa.R.Crim.P. 720(A)(2)(a).

not filed until March 7, 2019[2], over two months after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

## B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would

---

2.    Even if this Court were to consider February 19, 2019, the date the petition was signed by Petitioner, as the file date, the petition is still untimely by forty-seven days.

make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Jones, 195 F.3d at 159).

Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable

tolling is inapplicable in this matter and the petition will be dismissed.

### III.   Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

### IV.   Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: November 14, 2019**
19-0409-01

12